**WHITE v. ANCHOR LINE et al.**

**No. 10745.**

District Court, E. D. New York.
Oct. 28, 1931.

Harry D. Thirkield, of New York City, for libelant.

Lord, Day & Lord, of New York City (Charles W. Merritt, of New York City, of counsel), for respondents.

GALSTON, District Judge.

The libelant in this case sues on behalf of himself and his wife, for damage sustained to his and her baggage on the steamship Lancastria.

The voyage was from New York to Hamburg beginning on or about the 2d day of July, 1927. The testimony shows that water from an escaping water pipe in a nearby stateroom drained in part into the cabin occupied by Dr. and Mrs. White and damaged some of their personal apparel.

The claimant-respondent and the respondent argue that the damage resulted from the negligence of the libelant. There is absolutely no proof to that effect, and I think it clear that the ship was liable for the damage.

The remaining point is the amount of the damage. The libelant seeks to avoid the limitations of the contract of carriage. The contract ticket contained the following clause: "5. * * * But it is agreed that neither the ship owner * * * is in any case liable for loss of * * * baggage or personal effects of any passenger beyond the amount of One Hundred Dollars for each first class adult passenger and Fifty Dollars, for each cabin, second class, Tourist Third Cabin or third class adult passenger at which sums respectively it is hereby mutually agreed that the same is valued and upon which valuation the price of passage hereunder is in part based, unless the value of the same in excess of these sums respectively be declared at or before the issuance of this contract or at or before the delivery of the said baggage to the ship, and unless additional compensation at the rate of 1% on such excess value is paid thereon."

That contracts of this kind are entirely lawful, and that the parties thereto should be bound by the limitations thereof, seems to me to be well settled. The Cretic (D. C.) 224 F. 216; Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Tewes v. North German Lloyd S. S. Co., 186 N. Y. 151, 78 N. E. 864, 8 L. R. A. (N. S.) 199, 9 Ann. Cas. 909. Calderon v. Atlas S. S. Co., 170 U. S. 272, 18 S. Ct. 588, 42 L. Ed. 1033, cited by the libelant, is certainly not in point.

The proof shows that certain of Mrs. White's effects were damaged. It is difficult for me to see how in the state of the pleadings recovery can be had by Dr. White for this damage. There is no assignment of Mrs. White's claim set forth in the pleadings, nor was there any proof thereof presented at the trial, so that The Prussia (D. C.) 100 F. 484, relied upon by the libelant, is not pertinent.

Unless the parties stipulate the amount of the damage to Dr. White's personal effects, the matter will be referred to a master to determine the amount; but in no event can he be awarded a sum in excess of the contract limitation.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.

Settle decree on notice.