## THE NO. I OF NEW YORK.

### THE JAMES WATT.
#### No. 70.

Circuit Court of Appeals, Second Circuit.
Nov. 14, 1932.

Arthur J. W. Hilly, Corporation Counsel, of New York City (Charles J. Carroll, William J. Leonard, and John T. Condon, all of New York City, of counsel), for appellant.

Alexander, Ash & Jones, of New York City (Edward Ash and Lawson R. Jones, both of New York City, of counsel), for claimant-appellee.

Thomas A. McDonald, of New York City (Franklin M. Depew, of New York City, of counsel), for libelant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

By whistle signals, the bridge tender agreed with the tug for passage through the bridge which spans the Harlem River near 225th street, New York City. Thereupon the tug began to maneuver to get into position for the passage. This involved making a turn of 180 degrees. Before this maneuver was completed and after the bridge had been open some six or seven minutes, the bridge tender decided to close the bridge in order to allow a. city fire engine, which was responding to an alarm and had been kept waiting at the Manhattan side for several minutes, to cross over. The bridge blew a stand back signal to the tug, which responded with an alarm. After the fire apparatus had crossed, the bridge was again opened, and the tug and tow passed through, but in the meantime they had sagged down on the tide into collision with the center abutment of the bridge. For the resulting damage to the libelant's coal boat, the tug was exonerated and the city held liable. The appellant's brief challenges this decision as contrary to the weight of the evidence and contrary to law.

 The applicable legal principle is simple; it is the familiar principle that one who acts must exercise due care not to do damage to another's person or property. The standard of conduct is that of a reasonable man under like circumstances. See Am. Law Inst. Restatement of the Law of Torts, §§ 165–167. If under the circumstances it was reasonable to believe that the bridge could be closed to let the fire engine across without endangering the tug and tow, there was no negligence in notifying the tug to stand back and in closing the bridge. A vessel is not privileged to keep a bridge open indefinitely merely because her request to pass through has once been agreed to. The rights of travelers by land as well as those of travelers by water must be recognized, and each kept within the bounds of reason. See The Yucatan, 226 F. 437 (C. C. A. 9). On the other hand, a bridge owner may not withdraw his consent to the passage, even in the exigency of a demand by fire apparatus responding to an alarm, at a time when withdrawal should reasonably be foreseen as endangering the vessel. The appellant has assumed that certain expressions in the District Court's opinion imply that the city necessarily acts at its peril in rescinding its consent to open the draw, but we do not so read the opinion.

From the foregoing discussion it is apparent that a determination of the question whether it was negligent to close the draw must depend upon the location of the tug and tow when the bridge gave its warning signal. The tug's witnesses say that the libelant's coal boat was then less than 100 feet from the abutment and too close to avoid the collision, with an ebb tide running toward the bridge at 2.4 miles an hour. The tug had two boats made fast to her starboard side, and this make-up would necessarily impede her efforts to back straight into the tide. Some criticism of this make-up was offered, but the court found that it was not proved to be faulty. On the other hand, the city's witnesses testified that the tug was 350 or 400 feet distant from the bridge and substantially as far away as when she started to round to. If this were her location, it seems clear that she could have maneuvered away to avoid the collision, and the city would be free from fault. The District Judge did not accept this estimate of her distance from the bridge. While he made no express finding as to the tug's distance from the bridge, he stated that she must have been nearer than the city's witnesses recall, because she had been drilling in the tide way for five minutes, and he exonerated her. We are asked to reverse this finding because one of the witnesses who testified to the distance was a disinterested witness. Quite aside from the probability

that the tug had sagged down on the tide, to which the judge alluded, he saw the witnesses, and his conclusion, where the testimony was in direct conflict, must control. The contention that the decree is contrary to the weight of the evidence is not established.

Accordingly, the decree is affirmed.