**THE CITY OF NORFOLK.**

**No. 2098.**

District Court, D. Maryland.
Feb. 3, 1936.

Col. John Philip Hill, of Baltimore, Md. (of Hill, Ross & Hill, of Baltimore, Md.), for libelants.

Robert W. Williams and William A. Grimes, both of Baltimore, Md. (of Ritchie, Janney, Ober & Williams, of Baltimore, Md.), for shipowner.

CHESNUT, District Judge.

The libellants in this case (husband and wife) were passengers on the Steamship City of Norfolk of the Baltimore Mail Line, embarking on November 12, 1934, at Havre, France, and landing in Baltimore, Maryland, about twelve days later. Their baggage, consisting of three large trunks and the contents thereof, including principally clothing, was placed during the voyage in a baggage room in which the employes of the Steamship Company permitted three large dogs to be kennelled during the voyage. In consequence thereof the trunks and some of their contents were substantially damaged. By answer in the case the Shipowner admits negligence causing the damage but insists on the limitation as to the amount of liability contained in a stipulation to that effect on the ticket issued to Mr. Chapin for himself and his wife.

As to the amount of damage, the libellants offered testimony to the effect that the actual damage to the trunks and contents was somewhat in excess of $2,000. This estimate was based primarily on the original cost of the trunks and certain of the contents which had been damaged; but it further appeared that both the trunks and the articles of clothing damaged had, for the most part, been in use for several years. Although stated to be in very good condition and not replaceable new except for approximately the original cost price, it is apparent that the actual monetary damage should be fixed at a sum less than the original cost price new. The ascertainment of the amount is made somewhat difficult by reason of the fact that, by misunderstanding or inadvertence, the Claim Agent of the Baltimore Mail Line was not given a reasonable opportunity to inspect the damage or have an appraisal thereof made. I am satisfied the actual damage exceeds $100, the amount of the limited liability admitted to be due, but find it unnecessary to determine the exact amount of the actual damage.

The question in the case is whether the libellants are entitled to recover the actual damage or the smaller amount provided for in the limitation of the amount of liability contained in the printed conditions of the passage ticket. The material parts of this are as follows: On the face of the ticket at the top in prominent large print is the following legend: "Your attention is especially directed to the terms of transportation in this contract." The ticket then recites the name and address of the Baltimore Mail Line and refers to the ticket as "Tourist cabin west-bound contract ticket No. 2324," for passage by Steamship City of Norfolk to sail from Havre to Baltimore on November 12, 1934. The names of the passengers and the ocean fare are specified, and then readily legible wording on the face of the ticket proceeds as follows:

"The Shipowner agrees to give passage according to the schedule shown on this contract, unless prevented by some unforeseen circumstances, upon the following terms which are agreed upon between the Shipowner and each passenger, viz."

There follow two stipulations which are immaterial here, below the second of

which in parenthesis is contained the following: "(continued on reverse)." There follows immediately below this on the face of the ticket the signature "For Baltimore Mail Line, United States Lines, General Passenger Agent," and the written name of the agency in Paris with, in parenthesis also "(See back)."

On the reverse side of the ticket, as above referred to, there appears among other stipulations the following:

"In the event of the Shipowner being liable for loss, damage or delay, of or to any passenger's baggage or property, whether intended for or carried in hold, stateroom or elsewhere, and whether in the custody of the Shipowner or of the passenger, such liability shall not exceed $50, which sum it is agreed that the value of said baggage and property does not exceed unless on or before delivery of same to the Shipowner, or if not delivered into the custody of the Shipowner, then on or before embarkation, the passenger shall declare in writing to the Shipowner a higher value for such baggage and property and shall pay 1% of the value so declared in excess of $50, in which event any liability of the Shipowner shall not exceed the amount so declared."

It further appeared that, while the ticket was duly issued to Mr. Chapin and presumably retained in his possession the customary time during the voyage, he did not read its provisions, and his attention was not otherwise specifically called to the limitation of liability. Mr. Chapin said that in his many ocean crossings it was his practice never to look at the ticket except to see that the price was correct and the number of the stateroom. Mrs. Chapin never saw the ticket. Both are American citizens although residing in Paris, and able to read and write English.

Counsel for the libellants contends that the limitation of liability is not binding on the libellants because never specifically brought to their attention and not actually known to them. He relies on the case of The Majestic (Oceanic Steam Navigation Co. v. Grace Howard Potter et al.), 166 U.S. 375, 17 S.Ct. 597, 599, 41 L.Ed. 1039, and with commendable diligence in preparation of the case, has submitted a photostatic copy of the ocean passage ticket involved in that case in which the Supreme Court held that the provision as to limitation of liability not personally brought to the attention of the passenger was not binding. The language of the provision in The Majestic Case was as follows:

"Neither the Shipowner nor the Passage Broker or Agent is in any case liable for loss of or injury to or delay in delivery of luggage or personal effects of the Passenger beyond the amount of £10, unless the value of the same in excess of that sum be declared at or before the issue of this Contract Ticket, and freight at current rates for every kind of property (except pictures, statuary, and valuables of any description upon which one per cent. will be charged) is paid."

This stipulation appeared on the back of the ticket under the caption—Notice to Passengers; but was not referred to in the strictly contract portion of the ticket, which appeared on the face.

It is apparent that the substance of the stipulation in the instant case is the same as that in the case of The Majestic, and the doctrine of The Majestic has been followed in numerous subsequent federal cases including, as perhaps the last of importance, Maibrunn v. Hamburg-American S. S. Co. (C.C.A.2) 77 F.(2d) 304, where, however, the distinction between The Majestic and a case such as we have here is clearly pointed out by Circuit Judge Learned Hand. On pages 305 and 306 of 77 F.(2d), after referring to The Majestic Case, he says:

"We understand the case to decide that, though a passenger is bound by all that is in the contract itself, in order to charge him with other stipulations they must be incorporated into the body of it, at least by reference. A mere notice on the front of the ticket, which is not part of the contract, charges him only if he sees it in season. In Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371, as we understand it, the limitation was written into the body of the contract. True, once the doctrine is established that the passenger, by accepting such a contract of carriage, undertakes to abide by its terms, nice distinctions are sure to arise unless he is charged with all that appears at least on the front of the paper. Yet, as we understand it, just this distinction does exist; only the contract proper charges the passenger, and the contract is taken

as those words which the carrier in some way authenticates by its own signature; notices and legends alongside are not part of it. How far a notice within the contract proper would be effective to incorporate by reference stipulations on the back we need not decide. It must be acknowledged that the result is not very satisfactory in theory, but perhaps there is something to be said practically for the compromise we have described."

Other cases in which the distinction is made and applied are The Cretic (D.C.) 224 F. 216; The Morro Castle (D.C.) 168 F. 555; White v. Anchor Line (D.C.) 53 F.(2d) 131; Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 228, 26 A.L.R. 1371, where Judge Cardozo, for the Court of Appeals of New York, said:

"This is not a case of a mere notice on the back of a ticket, separate either in substance or in form from the body of the contract;"

See, also, Baer v. North German Lloyd (C.C.A.2) 69 F.(2d) 88; The Leviathan (C.C.A.2) 72 F.(2d) 286.

In my opinion the clause limiting the amount of liability on the tickets here involved was a part of the contract and not a mere notice to the passengers, and the case is, therefore, not governed by the rule of The Majestic. Nor is it a sound objection to this conclusion that the particular condition happened to be printed on the back of the ticket (there not being space on the face for the inclusion of all the contract terms), as the attention of the ticket holder was appropriately called to the continuation of the contract terms by the wording on the face of the ticket. A similar form of contract is quite familiar in the ordinary standard fire insurance policy and the more common forms of life insurance contracts. Of course, it may be said, as was pointed out in the Maibrunn Case, supra, that the distinction is rather of legalistic form than of practical import to a passenger, especially where, as in this case, the passengers did not read the printed matter on the tickets. Nevertheless such a contract stipulation is not against public policy where, as here, the passenger is allowed the alternative of accepting the limited valuation or paying an additional rate for the true or higher valuation. While it has been held invalid for a carrier to stipulate for entire immunity from its own negligence, a limited liability in amount, when coupled with a valuable consideration as to difference in rate, as to which the passenger has a choice, has been generally held valid. The Ansaldo v. Rheinstrom Bros. Co., 294 U.S. 494, 497, 55 S.Ct. 483, 79 L.Ed. 1016. In this case the passengers did not declare and pay the larger rate for higher valuation on their baggage.

I conclude, therefore, that the decree in favor of the libellants must be limited to the amount of the limited liability—$50 for each, which is conceded by the Shipowner to be due.