## BOUKER CONTRACTING CO. v. CITY OF NEW YORK.

### No. 363.

Circuit Court of Appeals, Second Circuit.

July 3, 1941.

Heckman, of New York City, of counsel), for appellant.

William C. Chanler, of New York City (George Seagrave Franklin, of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On September 7, 1939, libellant's tug "Bouker No. 6", then lying some distance above Manhattan Avenue Bridge, over Newtown Creek, was ordered to pick up a coal barge lying upstream of the bridge abutment, on the south side. The tug proceeded downstream, and, when it was about 150 yards above the bridge, it slowed down and signalled the bridge to open. Its purpose was to continue down with the tide and, as it swung to the left to take the barge alongside, to allow its after part to go under the bridge. As the tug rounded to, a deckhand waved his hands to signal the captain of the barge to let go his lines. Interpreting this as a signal to close the bridge, the bridge tender apparently thought that the tug was going to a nearby water hydrant, and he ordered the operator to close the bridge. Between one and four minutes after the bridge closed, the tug, its engines stopped, was carried downstream by the tide and collided with the bridge. For the damage thus done, appellant brought its libel against the City, which owned and operated the bridge.

In dismissing the libel, the District Court held that the "Bouker No. 6" was at fault in signalling for the opening of the draw and that her rounding to, close to the bridge, and her change of course were the proximate cause of the accident. We do not think that the evidence justified that conclusion.

The tug was not at fault in signalling the draw to open, merely because she did not intend to pass through. The evidence shows that the tug, in order to pick up the barge, needed to put her stern under the bridge; she was, accordingly, justified in signalling the bridge to open, since that was necessary for the manoeuver. 33 U.S.C.A. § 499 requires that bridges be opened "for the passage of vessels"; the word "passage" cannot reasonably be so restricted in meaning as to require the opening only for a complete passage. Moreover, even if it were true that the

James A. Martin and Foley & Martin, all of New York City (Christopher E.

tug improperly signalled for the bridge opening, that would be immaterial; such an improper signalling would not, at worst, be so unlawful an act as to deprive the tug of her right to have the bridge tender exercise due care, once the bridge was open.

 The fact that the tug collided with a closed bridge is, of course, immaterial, if the tug was reasonable, as we think it was, in expecting that the bridge would remain open. The City is not being charged with keeping the bridge closed, but with negligently closing it so as to imperil the tug, which was by then helpless to prevent the collision. The bridge tender testified that he did not know what the tug was proposing to do; that he knew that it would be dangerous to close the bridge in the absence of an order from the tug to close it; and that there is no custom of signalling for the closing of a bridge. He was not justified in regarding a wave of the arms by the deckhand on the tug as a signal to close the bridge. The City was at fault. The No. 1 of New York, 2 Cir., 1932, 61 F.2d 783; cf. Great Lakes Towing Co. v. Masaba S. S. Co., 6 Cir., 1916, 237 F. 577; City of Chicago v. Mullen, 7 Cir., 1902, 116 F. 292; Newtown Creek Towing Co. v. City of New York, 2 Cir., 1931, 47 F.2d 883; The Eureka, 9 Cir., 1935, 80 F.2d 303.

The decree is reversed.

CLARK, Circuit Judge (dissenting).

I dissent on the opinion of the District Court.