## COHN et al. v. UNITED STATES LINES CO.

## D'ELIA v. UNITED STATES LINES CO.

### Civ. Nos. 10114, 10113.

United States District Court
D. New Jersey.

June 15, 1949.

Dorethea Epstein, Newark, N. J., for libellants.

Cox & Walburg, Newark, N. J., Kirlin, Campbell, Hickox & Keating, New York City, by James B. Magnor, New York City, for respondent.

MEANEY, District Judge.

These are libels in admiralty filed against the United States Lines Company as owner of the steamship "American Farmer" to recover for the loss of baggage and personal effects allegedly due to the negligence of respondent's servants. In answers to the libels respondent asserts, inter alia, that the contracts as expressed in the tickets provided that unless a higher value be declared valuation of passengers' baggage shall be taken to be not more than $75.00 for One-Class and that these valuations should be taken as the limit of liability of the shipowner for loss or damage. Respondent further alleges that another clause of the ticket stated that the shipowner shall not be liable for loss or damage to money, jewelry, precious stones, securities and other valuables which have not been deposited with the purser and placed in a safe in the purser's office, and that unless a higher value be declared the value shall be taken to be not more than $100.00.

In order to determine whether these clauses in the tickets effectively limited liability of the respondent the cases were submitted to the court upon agreed stipulations of facts. The stipulations show that libellants purchased their tickets from respondent in New York City, that they travelled as One-Class passengers pursuant to the tickets, that the vessel collided with another and as a result libellants each claimed loss and damage to baggage in excess of $75.00 and to jewelry in excess of $100.00. The stipulations further show that the libellants did not declare a higher value than $75.00.

On the face of the tickets on the left side appears the legend, "Eastbound Contract Ticket" followed by the name of the ship, the names of the passengers, the amount of the fare, etc. On the right side of the page the following language appears:

"It is mutually agreed between the shipowner, and the passenger named herein, that in consideration of the payment to the shipowner of the passage money by or on behalf of the passenger, the shipowner will provide the said passenger with passage as stated in the margin, unless prevented by some unforeseen circumstance, on the terms stated herein * * *.

"The terms hereinbefore mentioned form part of the contract ticket and are as follows:"

Then follow certain terms not material to the issue at bar. At the bottom of the face of the ticket in bold face type appears the legend, "Terms continued on the other side of this ticket." On the reverse side the clauses limiting liability appear. On the face of the ticket the following note also appears: "The Shipowner's liability is strictly limited, but passengers can effect insurance on their baggage at any of the Shipowner's Offices or Agencies."

Libellants argue against the efficacy of the clauses limiting liability by asserting they are against public policy and that since their attention was not specifically directed to these clauses they are not bound by them.

504

An examination of the federal cases reveals that an arbitrary limitation unaccompanied by any right to increase the amount by proportional payment is void as against public policy, The Kensington, 1902, 183 U.S. 263, 22 S.Ct. 102, 46 L.Ed 190, and where the limitations are mere notices and not part of the contract they do not bind the passenger if not called to his attention, The Majestic, 1897, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039. However, where the limitation of liability clause is included in the terms of the contract itself it has been held that the passenger is bound whether or not he was aware of the limitation, The Leviathan, 2 Cir., 1934, 72 F.2d 286; The City of Norfolk, D.C.Md.1936, 13 F.Supp. 511. See also: Foster v. Cunard White Star, Ltd., 2 Cir., 1941, 121 F.2d 13; Baron v. Compagnie General Transatlantique, 2 Cir., 1939, 108 F.2d 21; White v. Anchor Line, D.C.E.D.N.Y.1931, 53 F.2d 131.

In view of the above cited cases the court holds the limitation of liability clauses to have been embodied in the contracts themselves, thus they are effective to limit the liability of the shipowner.

Let an order be submitted.