**ROGERS v. FURNESS, WITHY & CO.,**
**Limited.**

**Civ. A. No. 4922.**

United States District Court
W. D. New York.

Nov. 13, 1951.

Hamilton Doherty, Buffalo, for plaintiff.

Kenefick, Bass, Letchworth, Baldy & Phillips, Buffalo, for defendant.

KNIGHT, Chief Judge.

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that plaintiff failed to commence this action within the time limitation provided by the contract ticket made between the parties.

From the deposition of plaintiff taken by defendant it appears that plaintiff in March, 1950, was a high school teacher; that she took a leave of absence for one month, commencing on the 20th of that month; that she went to the Caribbean, to St. Thomas, St. Kitts and to Trinidad, sailing on the S. S. Fort Amherst of the Furness, Withy Line on March 23d, accompanied by Miss Claire Bell Hammond, secretary to Mr. Schoellkopf of Schoellkopf,

Hutton & Pomeroy; that the ticket for the trip was purchased and kept with plaintiff's knowledge by Miss Hammond and she made the arrangements for the tickets and transportation with the American Express at plaintiff's request and with her knowledge; that plaintiff paid her portion of the ticket to the American Express.

It appears from the affidavit of William T. Huber, verified October 24, 1951, which is annexed to defendant's moving papers, that he handled the transaction pertaining to the ticket in question for the Buffalo Office of the American Express Company, and on February 28, 1950, he caused the payment for the ticket to be forwarded to the defendant at its New York office; that he received the ticket from the defendant on March 3, 1950, and on the same day caused said ticket to be mailed to Miss Hammond at her place of business, 70 Niagara Street, Buffalo, New York.

Plaintiff's affidavit, verified October 28, 1951, and filed in opposition to defendant's motion, states that this action is brought to recover damages for personal injuries suffered by plaintiff when she fell while aboard the S. S. Fort Amherst on the 24th day of March, 1950; that plaintiff was accompanied by Miss Claire Bell Hammond; that by mutual agreement between plaintiff and Miss Hammond all arrangements for the purchase of the tickets were made by Miss Hammond; that plaintiff paid her share of the fare directly to the American Express Company, which acted as the agent of the defendant in issuing the ticket; that plaintiff never had the ticket in her possession and never saw the ticket, except for the brief moment when it was at the pier on the morning when plaintiff boarded the ship. The affidavit further states:

"That your deponent did not authorize the said Claire Belle Hammond to contract with the defendant in any way which would limit your deponent's rights against the defendant for any reason whatsoever.

"That, specifically, she did not authorize the said Claire Belle Hammond to sign the ticket contract for her.

"That your deponent had no knowledge of anything contained on the said ticket with the exception of the name of the ship on which she was to sail, the ports which would be visited, the class of passage and the amount of fare, which information was given her orally by Miss Hammond.

"That her attention was never called to any stipulations or limitations in the said ticket contained by the representatives of the defendant or by any other person."

The ticket, No. WI 6360, bearing date March 1, 1950, which is the subject of this dispute, on its face bears the words in bold type at the upper left-hand corner "Contract Ticket" and indicates that it was issued to Miss Edith A. Rogers (the plaintiff) and Miss Claire Hammond, two adult persons. On the face of the ticket it appears to be for "First Class passage of person or persons mentioned above" on a "cruise" "from New York to New York" "South bound on S. S. Fort Amherst Expected to Sail At 11 A. M. N. Y. Time Date Marc. 23, 1950 From Furness Terminal North River, N.Y.C. (Foot of W. 55–57th St.) Berth 2 Beds Room 16" "Fare Paid Outward 850.00". Following the foregoing information and occupying more than a third of the face, designated "page one", of the ticket, commencing with the words "It is mutually agreed" in bold faced type, appear the terms of the contract ticket which is signed "For the Shipowner By J. Will as Agent at New York Office" and by "Claire Bell Hammond", and underneath her signature, printed in heavy type, are the words "Signature of Passenger, or Agent or Purchaser of Ticket."

There is no dispute that the ticket was presented for passage of plaintiff and Claire Bell Hammond on the S.S. Fort Amherst Cruise; that the ticket was accepted by the defendant through its representatives and the plaintiff proceeded aboard the S. S. Fort Amherst and took said Cruise. After the Cruise had begun, plaintiff fell and was injured, for which injury this action was brought. Defendant has filed its answer and as one of its defenses has set up a limitation of time as provided in the Contract Ticket, paragraph "14", which reads as follows:

"The shipowner shall not be liable for any claim whatsoever of the passenger * * * unless written notice thereof with full particulars shall be given to the shipowner or agent as follows: (a) within six months after the death or injury occurred in respect of any claim for loss of life or bodily injury in any case where Section 4283A of the Revised Statutes of the United States [46 U.S.C.A. § 183b] shall apply;

"(b) * * *;

"(c) within fifteen days after the passenger shall be landed, or the voyage is abandoned or broken up, in respect of any claim whatsoever unless such claim is included within one of the two categories just mentioned. Suit to recover on any claim shall not be maintainable unless commenced as follows: (1) within one year after the death or injury occurred in respect of any claim for loss of life or bodily injury where said Section 4283A shall apply; (2) within six months after the passenger shall be landed from the vessel or the voyage shall be abandoned or broken up or after the death of the passenger when occurring before landing, which ever may be the case, in respect of any claim whatsoever unless such claim is included within category (1), just mentioned. Any action by the shipowner or its agents or attorneys in considering or dealing with claims where the provisions of this ticket have not been complied with, shall not be considered a waiver of such requirements."

Nowhere does it appear that written notice was given by plaintiff to defendant as required by paragraph 14 of the Contract Ticket hereinbefore quoted, but defendant has not raised that point. Defendant has made this motion relying on the provisions of the Contract Ticket with respect to the one year time limitation from date of injury for the bringing of this action. Plaintiff has conceded in her brief on this motion that her action was not commenced until "approximately fifteen and one-half months after the date of the injury."

Plaintiff contends that the provisions of the ticket in question are not included within the body of the ticket as a part of the contract. In support of plaintiff's contention, she relies on The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039, that the "provisions are merely notices" and "are not binding unless specifically pointed out to and read by the passenger."

In The Kungsholm, 2 Cir., 86 F.2d 703, cited and discussed by plaintiff as supporting authority, the fact is overlooked that neither the passenger nor his agent had signed the contract prior to the commencement of the cruise. There was nothing to show that either of them had knowledge of any of the stipulations before embarking. Here, there is no dispute that the ticket was signed by the purchaser, who was one of the passengers named in the ticket, prior to the time when the ticket was presented to defendant's representatives at the pier on going aboard the ship. And see Maibrunn v. Hamburg-American S. S. Co., 2 Cir., 77 F.2d 304.

To persons of the intelligence and education of plaintiff and Miss Hammond neither of them could glance at the ticket without seeing that it undertook to prescribe the particulars which should govern the conduct of the parties until they as passengers had completed the cruise. Murray v. Cunard Steamship Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371; Fonseca v. Cunard S. S. Co., 153 Mass. 553, 27 N.E. 665, 12 L.R.A. 340; 1 Williston on Contracts, secs. 90, 90 A, 90 B.

It has been held that any written contract signed by one party only binds the other if he accepts the writing. First National Bank of Sleepy Eye, Minn. v. Sleeper, 8 Cir., 12 F.2d 228; 1 Williston on Contracts, sec. 90 A.

Provisions that appear on the ticket as part of the contract of passage embodied in the ticket are binding regardless of whether they were read by the passenger, provided they are not unlawful in content. Baron v. Compagnie Generale Transatlantique, 2 Cir., 108 F.2d 21; The Leviathan, 2 Cir., 72 F.2d 286; Murray v. Cunard S.S. Co., supra; Cohn v. U. S. Lines Co., D.C., 84 F.Supp. 503; Lee v. Swedish American Line, D.C., 6 F.Supp. 342; The Finland, D.C., 35 F.2d 47.

Plaintiff is charged with notice of the limitation since her close friend and co-

passenger, who purchased the ticket for her, had it in her possession for some 19 or 20 days before the voyage commenced. Foster v. Cunard White Star Ltd., 2 Cir., 121 F.2d 12.

Defendant's motion for summary judgment is granted.