806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul J. CATALANA and Dorothy Catalana, Appellants,
v.
CARNIVAL CRUISE LINES, INC., a body corporate of the State
of Florida, Appellee.
 No. 86-1545.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1986.
Decided Dec. 1, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. James R. Miller, District Judge. (M84-799)
 Diane G. Goldsmith (Snyder and Janet on brief), for appellants.
 Pamela J. White (John H. West, III; Peter J. McNamara; Ober, Kaler, Grimes & Shriver on brief), for appellee.
 D.Md., 618 F.Supp. 18
 AFFIRMED.
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A cruise passenger has sued the cruise company for injuries allegedly sustained during the cruise voyage. The contract terms of the voyage were stated on the ticket given the passenger. These terms appeared on the back of the ticket and on an attached page. On the front of the ticket three clear and conspicuous statements warned passengers: (1) "The provisions on the reverse hereof are incorporated as though fully rewritten," (2) "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES," and (3) "IMPORTANT! PLEASE READ CONTRACT ON LAST PAGES 1, 2, 3." The first statement appeared in the lower right-hand corner of the ticket face and the second and third statements appeared in the lower left-hand corner. On the back of the ticket there was a provision that stated in part: "Suit to recover any claim shall not be maintainable in any event unless commenced within one year after the date of the loss, injury or death."
 
 
 2
 The passenger in this case admittedly did not begin his suit within one year of his alleged injury and was, therefore, barred by the provisions of the contract of carriage quoted above. The passenger contended, however, that the ticket did not provide adequate notice on the front of the ticket of the one year requirement appearing on the back of the ticket and for that reason the contractual provision requiring suit within one year after injury was unenforceable. Under these circumstances, the passenger contended the general tort limitation statute of three years as fixed by state law applied. Under this argument, plaintiff's action was timely filed.
 
 
 3
 The district court found that the limitation provision of the contract of carriage was adequately noticed on the the face of the ticket and was, therefore, binding on the passenger. It, accordingly, dismissed the action as untimely and barred by the terms of the contract of carriage. The passenger has appealed that decision. We affirm the decision and judgment of the district court for the reasons stated in its opinion.
 
 
 4
 AFFIRMED.