Charles L. **MALINOW**

v.

James R. **EBERLY**, Trading as James R. Eberly Company.

Civ. A. No. 70-757.

United States District Court, D. Maryland.

Jan. 28, 1971.

Robert E. Cahill, Isaac M. Neuberger and Melnicove, Asch, Greenberg & Kaufman, Baltimore, Md., for plaintiff.

Richard L. Walsh, Washington, D.C., and Leon H. A. Pierson, Baltimore, Md., for defendant.

JAMES R. MILLER, JR., District Judge.

This is an action in which the plaintiff seeks, together with related relief, an accounting of profits and assets of an alleged partnership between him and the defendant. Plaintiff is a citizen and resident of the State of Maryland and the defendant is a citizen and resident of the Commonwealth of Virginia. The matter in controversy is alleged to exceed Ten Thousand Dollars ($10,000), exclusive of costs and interest.

The defendant has filed a motion to dismiss the action and to quash service, arguing that the service upon him in Virginia under the purported authority of the Maryland "Long Arm" statute [1] does not confer *in personam* jurisdiction upon this Court under the circumstances in this case.

The plaintiff's complaint maintains that "beginning on or about October, 1961, the Plaintiff and Defendant formed a partnership trading under the firm name and style of James R. Eberly and Company [the plaintiff's complaint refers to 'James R. Eberly and Company' and 'James R. Eberly Company' interchangeably and apparently treats them as one and the same], which was organized for and was engaged in the business of acting as a manufacturer's representative in the field of electronic parts, devices, and related items, in and around the Greater Baltimore-Washington Metropolitan areas." The complaint further alleges that the alleged partnership maintained offices in Baltimore, Maryland, as well as in the District of Columbia, and that the " * * * defendant personally transacted the business of the partnership * * * in the State and District of Maryland and some of the agreements between the parties were discussed, negotiated, and resolved within said State and District." The complaint further alleges that the partnership was terminated by the plaintiff, said termination becoming effective on June 1, 1968, and that the defendant, despite repeated demands therefor by the plaintiff, has failed and refused to account to the plaintiff for the profits and assets of the alleged partnership. It is also alleged by the plaintiff that the partnership, which is not evidenced by a formal written agreement, provided for the equal division of the profits and losses thereof between the plaintiff and the defendant. In addition, the plaintiff alleges that the defendant has had, and still has, sole and exclusive control and custody of the books and records of the alleged partnership.

Defendant has filed his affidavit in conjunction with his motion to dismiss and to quash service. His affidavit recites, in pertinent part, that his business consists of the representation of manufacturers of electronic and mechanical equipment for whom he solicits orders from prospective customers; that since 1959 the business has been conducted in the name of James R. Eberly Company; that the manufacturers represented by him in the aforesaid business are located in Maryland as well as elsewhere and that the prospective customers which he has visited in the business are similarly located in Maryland as well as elsewhere; that during the conduct of his said business the defendant has visited

[1]. Article 75, §§ 94–100, Annotated Code of Maryland (1969 Replacement Volume):

in person in Maryland at least four (4) private business organizations in addition to installations of the United States government located in Maryland; and that some of the businesses and government installations in Maryland, as a result of the visits of the defendant in person, ordered materials or products which, in turn, resulted in the payment of commissions to the defendant.

Since jurisdiction is based upon diversity of citizenship, the Maryland "Long Arm" statute is the statute involved in the determination of the question presented by the defendant's motion. Haynes v. James H. Carr, Inc., 427 F.2d 700 (4th Cir. 1970), cert. denied, 400 U.S. 942, 91 S.Ct. 238, 27 L. Ed.2d 245 (December 7, 1970); Rule 4(e) F.R.Civ.P. Authoritative interpretation of the statute by the Court of Appeals of Maryland is binding upon this Court. Shealy v. Challenger Mfg. Co., 304 F.2d 102, 104 (4th Cir. 1962). As to any federal constitutional question raised by the motion of defendant, this Court must follow decisions of the Supreme Court and where the Supreme Court has not spoken, the Fourth Circuit.

Section 96(a) (1), Article 75 of the Annotated Code of Maryland (1969 Replacement Volume) provides:

"(a)  A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

"(1)  Transacting any business in this State."

That section is limited by § 96(b) which provides:

"(b)  When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."

The burden of the defendant's argument, as the Court understands it, is that the cause of action of the plaintiff, which seeks relief against the defendant individually, is not based upon business transacted by the plaintiff in his individual capacity in the State of Maryland. The defendant argues that, on the contrary, the plaintiff's cause of action is solely based upon the refusal of the defendant to give an accounting of the partnership affairs, which refusal occurred outside of Maryland's boundaries [although the complaint itself and the defendant's affidavit do not clearly establish that the failure or refusal to account occurred outside of the State of Maryland, this fact is inferred by the circumstance of the non-residence of the defendant and from the various letters between the parties which were attached as exhibits to the plaintiff's complaint]. The defendant further argues, in effect, that the allegations of the plaintiff show that whatever business the defendant transacted in Maryland was partnership business, but that the obligation sought to be established by the plaintiff is one allegedly owed by the defendant *as an individual* and is *not a partnership obligation.*

In determining whether personal jurisdiction can be conferred by the application of a "Long Arm" statute in a particular case, it is necessary to determine whether (1) service under the statute violates the due process clause of the federal constitution and (2) whether the statute by its terms permits service of process on the non-resident defendant. Haynes v. James H. Carr, Inc., *supra.*

If the Maryland "Long Arm" statute permits personal jurisdiction of the defendant to be conferred on this Court in the instant proceeding, the application of the statute to the defendant under the facts in this case does not violate the due process clause of the federal constitution. In 1945, the Supreme Court of the United States, in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), said:

"  *  *  *  due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the mainte-

nance of the suit does not offend traditional notions of fair play and substantial justice."

and:

"Whether due process is satisfied must depend * * * upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure."

Expanding upon the doctrine of *International Shoe*, the Court declared in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), at 253, 78 S.Ct. at 1240, that "* * * it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

■ In 1964, the Maryland General Assembly enacted Chapter 95 of the Laws of 1964, which is now contained in §§ 94–100, Article 75, Maryland Annotated Code (1969 Replacement Volume), the so-called "Long Arm" statute of Maryland, dealing with *in personam* jurisdiction of persons who reside outside of Maryland. The purpose of the Maryland "Long Arm" statute, at least as to § 96(a) (1) thereof,[2] is to give the courts of the State personal jurisdiction over all out of State persons, partnerships,[3] and corporations which, under the jurisdictional standards established by the Supreme Court, could constitutionally be reached as having sufficient Maryland contacts. Novack v. Nat'l Hot Rod Ass'n, 247 Md. 350, 231 A.2d 22 (1967); Gilliam v. Moog Industries, Inc., 239 Md. 107, 210 A.2d 390 (1965).

Section 96(a) (1) of the Maryland "Long Arm" statute is identical to § 1.-03(a) (1) of the Uniform Interstate and International Procedure Act. Hardy v. Rekab, Inc., 266 F.Supp. 508, 514 (D. Md.1967). The Maryland Court of Appeals has held that the term "transacting any business," as used in the "Long Arm" statutes of Maryland and other states, is not limited to acts of commerce or transactions for profit, but includes acts which constitute a purposeful activity within the state. Novack v. Nat'l Hot Rod Ass'n, *supra;* Van Wagenberg v. Van Wagenberg, 241 Md. 154, 215 A. 2d 812 (1966).

■ The apparently undisputed facts in this case make it abundantly clear that the jurisdictional requirements of due process have been met. Although a resident of Virginia, the defendant has personally entered Maryland on many occasions in order to solicit business orders from companies or government installations located therein. He admits that he has received compensation as a result of his personal efforts in Maryland. His contacts have been more than "minimal" in Maryland. By the quality and the nature of his activities the defendant has "purposefully" availed himself of the privilege of conducting business within the forum and has thereby invoked the benefits and protections which the State of Maryland affords to persons "transacting business" within its boundaries. To have the defendant defend a suit in Maryland does not offend "traditional notions of fair play and substantial justice," and is in harmony with the ordinary process and administration of justice. Hanson v. Denckla, *supra;* McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199,

---

2. See Beaty v. M.S. Steel Co., 401 F.2d 157, 160 (4th Cir. 1968), cert. denied, 393 U.S. 1049, 89 S.Ct. 686, 21 L.Ed.2d 691 (1969), and Piracci, et al. v. New York City Employees' Retirement System, 321 F.Supp. 1067 (D.Md. January 28, 1971), where it is noted that other subsections of the statute are not in all

respects designed to expand jurisdiction to its constitutional limits.

3. Section 94, Article 75, Annotated Code of Maryland (1969 Replacement Volume) defines "person" to include individuals, partnerships, and corporations.

2 L.Ed.2d 223 (1957); International Shoe Company v. Washington, *supra.*

Having determined that service of process on the defendant would not violate the due process clause of the federal constitution, it remains to determine whether the Maryland "Long Arm" statute permits service of process on the non-resident defendant under the facts in this case. The determination of this question involves the application of § 96(b) of the "Long Arm" statute.

■ As stated earlier, § 96(b) limits jurisdiction founded on the "Long Arm" statute to those causes of action arising from the acts enumerated in § 96(a).

■ A threshold question involves the interpretation of the words "arising from" as used in § 96(b). If those words were to be construed to require that every element of a cause of action must be founded in acts set forth in § 96(a), the operation of the Maryland "Long Arm" statute would be severely restricted. Such an interpretation would be at odds with the purpose of the statute which is generally to expand jurisdiction to its constitutional limits. Harris v. Arlen Properties, Inc., 256 Md. 185, 260 A.2d 22 (1969); Novack v. Nat'l Hot Rod Ass'n, *supra;* Gilliam v. Moog Industries, Inc., *supra.*

As previously pointed out, the Maryland "Long Arm" statute is based upon the Uniform Interstate and International Procedure Act. The Commissioner's note states at 9B Uniform Laws Annotated 313 in reference to the Uniform Act counterpart to § 96(b):

"The concept of cause of action * * * should be broadly construed to cover an entire transaction so that, when possible, the entire dispute may be settled in a single litigation. Subdivision (b) is designed to prevent assertion of independent claims *unrelated to any activity described* in subdivision (a) of § 1.03." (Emphasis supplied.)

The drafters of the forebear of the Maryland statute logically would not view the precursor of § 96(b) as requiring that all elements of a cause of action arise in the forum state, but, in harmony with the concept expressed in the above note, would probably state that § 96(b) merely prevents the assertion of claims in the forum state that do not bear some relationship to the acts in the forum state relied upon to confer jurisdiction. The conclusion comports with the reasoning of the Supreme Court in the cases which established the jurisdictional limits which the Uniform Act sought to fill. In *International Shoe, supra,* 326 U.S. at page 317, 66 S.Ct. at page 159, the Court states that the conduct by a corporate agent of isolated acts in a state is insufficient to subject the corporation "* * * to suit on *causes of action unconnected* with the activities there." (Emphasis supplied.) In McGee v. International Life Ins. Co., *supra,* it is apparent that all of the essential elements of the cause of action there involved did not occur within the forum state since at least the alleged breach of the insurance contract there being sued upon took place by action of the defendant insurance company outside of the forum state. The Court in *McGee* stated on page 223 of 355 U.S., page 201 of 78 S.Ct. that it was sufficient to confer jurisdiction constitutionally that the "* * * suit was based on a contract which had *substantial connection* with that State." (Emphasis supplied.)

The Maryland courts have held that it is not necessary that all elements of a cause of action be founded on acts which have taken place within the State of Maryland under the "transacting any business" test so long as there is a showing of some purposeful acts performed by the defendant in Maryland in relation to one or more of the elements of the cause of action. See Harris v. Arlen Properties, *supra,* 256 Md. 198, 260 A.2d 22; Novack v. Nat'l Hot Rod Ass'n, *supra,* 247 Md. 356–357, 231 A.2d 22. Similar conclusions have been reached by other courts. Cf. Longines-Wittnauer Watch Company v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d

8, 209 N.E.2d 68 (1965); United States v. Montreal Trust Company, 35 F.R.D. 216 (S.D.N.Y.1964).

The defendant argues that Gelfand v. Tanner Motor Tours, Ltd., 339 F.2d 317 (2d Cir. 1964), supports his theory. On the contrary, *Tanner*, where the plaintiff purchased a bus ticket in New York, boarded the bus in Nevada and was injured in Arizona by the negligent operation of the bus in Arizona, merely held that no essential element of the cause of action therein involved occurred in New York, the forum state, since the duty of due care on the part of the bus company arose when the plaintiff boarded the bus and not when he purchased the ticket. In *Tanner*, therefore, the court there determined that the New York counterpart of § 96(b) was not satisfied and there could be no jurisdiction conferred on the New York courts. The court in *Tanner* intimated, however, that the result would be different if either the acts giving rise to the negligence or the duty had occurred in New York.

■ Accordingly, this Court holds that the Maryland "Long Arm" statute confers jurisdiction in this case if any of the elements of the plaintiff's alleged cause of action arose from a transaction of any business by the defendant in this State.

■ It is well settled in Maryland that there is a right to an accounting upon the dissolution or termination of a partnership. Metaxa v. Coutros, 211 Md. 499, 502, 128 A.2d 273 (1957); Mervis v. Duke, 175 Md. 300, 306, 2 A.2d 11 (1938); Article 73A § 43 Annotated Code of Maryland (1970 Replacement Volume). The essential elements of the cause of action are (a) the existence of a partnership, (b) the transaction of business by the partnership producing profits [or losses] to be accounted for, (c) the termination or dissolution of the partnership, (d) a demand for an accounting, and (e) a failure or refusal by the partner with the books, records, profits, or other assets of the partnership in his possession to account

to the other partner or partners. Metaxa v. Coutros, *supra*; Seeley v. Dunlop, 157 Md. 378, 146 A. 271 (1929).

■ ■ The burden of proving jurisdictional facts rests upon the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Haynes v. James H. Carr, Inc., *supra*. Here, the plaintiff has alleged a partnership between the parties and that certain unspecified parts of the unwritten partnership agreement were entered into by the parties within the State of Maryland. This allegation has not been denied or contradicted by the defendant in his affidavit or otherwise. Similarly, the plaintiff has alleged that the defendant personally transacted the business of the partnership in the State of Maryland. The defendant does not deny this allegation specifically and admits in his affidavit that the James R. Eberly Company (which he does not deny is a partnership) conducted, through the personal efforts of the defendant on an unspecified but apparently numerous number of occasions, substantial business in Maryland. The defendant's affidavit further states that the defendant received monies as a result of his personal visits and business transactions on behalf of the alleged partnership within the State of Maryland.

It is only when allegations of jurisdictional facts are contradicted or denied that there is a burden upon the plaintiff to prove the jurisdictional facts prior to trial. Here the pleadings heretofore filed by the defendant have not denied or contradicted the allegation of jurisdictional facts, but have, on the contrary, by the affidavit of the defendant, supplemented and expanded upon the plaintiff's allegation of jurisdictional facts.

■ From the pleadings and affidavit heretofore filed, the Court finds that at least two (2) of the elements of the plaintiff's alleged cause of action are founded upon the "transacting of * * * business" by the defendant

within the State of Maryland in that (1) a part of the alleged partnership agreement was negotiated and agreed to within this State by the defendant and (2) the defendant personally transacted business of the alleged partnership within this State for which he received money. Accordingly, the alleged cause of action of the plaintiff arose from the transaction of business in this State within the meaning of § 96(a) as limited by § 96(b) of the Maryland "Long Arm" statute.

The Court's finding of facts for the purpose of this motion does not, of course, bind the parties at the trial of this case on its merits.

For the reasons herein stated, the motion of the defendant to dismiss and to quash the service of process upon the defendant will be denied and it is so ordered this 28th day of January, 1971.