**Patricia Fenton BENNETT**

v.

**COMPUTERS INTERCONTINENTAL, INC.**

**Civ. No. 73–945–B.**

United States District Court,
D. Maryland.
Baltimore Division.

April 3, 1974.

---

10. *See* United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (3d Cir. 1967).

George W. Shadoan, Rockville, Md., for plaintiff.

A. Lee Fentress, Washington, D. C., Frank H. Weller, Jr., Baltimore, Md., for defendant.

## MEMORANDUM

BLAIR, District Judge.

This suit alleges a breach of contract and is brought under the court's diversity jurisdiction. Defendant has moved to dismiss the action on the ground that service of process upon it in North Carolina under the authority of the Maryland "Long Arm" Statute, Art. 75, §§ 94–100, Annotated Code of Maryland (1969 Replacement Volume) does not give the court *in personam* jurisdiction over the defendant.

Affidavits have been filed on behalf of both parties and counsel have advised the court that the motion to dismiss may be decided on the matters contained in the record. Local Rule 6. From the complaint and affidavits, the following matters will be taken as true for the purpose of ruling on the motion.

Plaintiff is the administratrix of the estate of her deceased husband whose estate is being administered in Maryland. On or about March 27, 1970, the defendant sent a letter from its North Carolina office to plaintiff's decedent in Maryland offering him a job in Europe. The offer was accepted and the employment contract was entered into in Maryland. While in the employ of defendant, plaintiff's decedent died by accidental means on December 28, 1970 in Frankfurt, Germany. Plaintiff contends that the defendant is liable in damages because it breached a provision of the employment contract by which the defendant undertook to obtain life insurance for her husband for the duration of his employment with the defendant. Other than the fact that the employment contract letter was mailed to plaintiff's decedent at an address in Maryland and presumably was received in Maryland and the contract was subsequently accepted in Maryland, no facts appear from the record that would show any contact by the defendant with the State of Maryland. An affidavit filed on behalf of the defendant by Mae Tomlinson, formerly assistant secretary of defendant (the affidavit asserts defendant is no longer in business), states that the defendant has never transacted any business in the State of Maryland, never had any employees or representatives in the State of Maryland, and has never had an office in the State of Maryland. It further states that the defendant had but one employee who was a citizen and resident of North Carolina and that the sole office and place of business for the defendant was in North Carolina.

The issue then is whether the nonresident defendant's mailing of an offer for employment outside of Maryland to plaintiff's decedent in Maryland, which offer was accepted in Maryland, constitutes without more sufficient contact between the defendant and Maryland to subject defendant to personal jurisdiction in Maryland under the Maryland "Long Arm" Statute. The court holds that it is not.

Plaintiff bases her claim to *in personam* jurisdiction on the validity of service under the Maryland "Long Arm" Statute. Specifically, she relies on Art. 75, § 96(a)(1), (2) and (6) of the Annotated Code of Maryland, which read in relevant part as follows:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

(1) Transacting any business in this State;

(2) Contracting to supply goods, food, services or manufactured products in this State; [or]

\* \* \* \* \* \*

(6) Contracting to insure or act as surety for, or on, any person, property, or risk, contract, obligation, or

agreement located, executed or to be performed within this State at the time of contracting, unless the parties otherwise provide in writing.

The Fourth Circuit pointed out in Haynes v. James H. Carr, Inc., 427 F.2d 700, cert. denied, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970), that:

> Generally, the application of long arm statutes involves two steps. It is necessary to determine first whether the statute permits service of process on the nonresident defendant, and second, whether service under the statute violates the Due Process Clause of the federal constitution.

427 F.2d at 703; see Malinow v. Eberly, 322 F.Supp. 594 (D.Md.1971); Hare v. Family Publications Serv., Inc., 334 F. Supp. 953 (D.Md.1971); Topik v. Catalyst Research Corp., 339 F.Supp. 1102 (D.Md.1972).

■ On the threshold question of the validity of the extraterritorial service under the statute, this court is bound by the interpretation of the statute by the Maryland Court of Appeals. Shealy v. Challenger Mfg. Co., 304 F.2d 102, 104 (4th Cir. 1962); Piracci v. New York City Employees' Retirement System, 321 F.Supp. 1067, 1070 (D.Md.1971). In interpreting the statute, the Maryland Court of Appeals has consistently recognized the limitations on extraterritorial service of process imposed by the federal constitution. If the Maryland Court of Appeals in applying the statute to the facts of this case would find service of process to be valid, this court would then have to address the constitutionality of such application. In this court's view, however, the Maryland Court of Appeals would not find under these facts that service of process is valid.

The Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), established the standard to be applied in determining the constitutional validity of "long arm" service. The defendant, said the Court, must "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316, 66 S.Ct. at 158. The Court refined its view of the constitutional requirements in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In that case, the Court required "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 253, 78 S.Ct. at 1240.

Under an earlier version of the Maryland "Long Arm" Statute, the single act of making a contract within Maryland could serve as the basis for extraterritorial service of process. Art. 23, § 92(d) of the 1957 edition of the Annotated Code of Maryland reads as follows:

> [E]very foreign corporation shall be subject to suit in this State by a resident of this State or by a person having a usual place of business in the State on *any cause of action arising out of a contract made within this State* or liability incurred for acts done within this State, whether or not such foreign corporation is doing or has done business in this State. (Emphasis supplied).

However, under this provision the Maryland Court of Appeals examined each case in light of the constitutional requirements of due process as outlined above, even if on the facts the case appeared to fall within the literal meaning of the statute. Compania de Astral, S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357 (1954); Maryland National Bank v. Shaffer Stores Co., 240 F. Supp. 777, 783 (D.Md.1965).

Under the current version of the "Long Arm" Statute quoted above, section 92(d) was incorporated into § 96(a)(1)—the "transaction of business" section of the statute—and the revised section "extends such jurisdiction [under § 92(d) ] considerably." Auerbach, The "Long Arm" Comes to Maryland, 26 Md.L.R. 13, 34 (1966).

■ Under § 96(a)(1) of the revised statute, the Maryland Court of Appeals has held that *in personam* jurisdiction can be asserted over all out-of-state persons, partnerships, and corporations that have sufficient contact with Maryland to satisfy the constitutional standards established by the Supreme Court. Novack v. Nat'l Hot Rod Ass'n, 247 Md. 350, 231 A.2d 22 (1967); Gilliam v. Moog Industries, Inc., 239 Md. 107, 210 A.2d 390 (1965); Malinow v. Eberly, 322 F.Supp. 594 (D.Md.1971). In other words, the court extends the reach of § 96(a)(1) as far as the Constitution permits.

The court will now apply these standards to the facts of the case. Initially, the court finds that plaintiff does not make a colorable showing of validity of service under subsections (2) and (6). The facts as revealed in the complaint and affidavit would not bring defendant within the ambit of either of these rather specialized subsections. On the other hand, the court finds that plaintiff makes a colorable showing of validity under subsection (1). As noted above, the complaint alleges that the employment contract under which plaintiff is suing was executed in Maryland. This fact is not refuted by defendant in its motions to dismiss or in its affidavit in support thereof. Arguably, this transaction falls within the literal meaning of § 96(a)(1). However, it would appear from the record and supporting affidavit that the defendant corporation did not invoke "the benefits and protection" of the laws of Maryland in mailing an offer to plaintiff's deceased husband in Maryland. The defendant's representative did not physically enter the State of Maryland to solicit the deceased. *See* Harris v. Arlen Properties, 256 Md. 185, 260 A.2d 22 (1969). Therefore, the fortuitous nature of defendant's sole contact with Maryland would appear insufficient to satisfy the constitutional requirements of due process, as applied by the Maryland Court of Appeals. *See* Jacobson Insurance Agency, Inc. v. Cae-

sars World, Inc., F.Supp., Civil 72–1038–M (D.Md., Mar. 15, 1974); *accord,* Kaye-Martin v. Brooks, 267 F.2d 394 (7th Cir. 1959).

Plaintiff relies heavily on McGee v. International Life Insurance Co., 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), but her reliance is misplaced. Admittedly, the contract therein was the single contact that the foreign corporation had with the forum state, and such single contact was found sufficient to satisfy due process. The Court, however, found that "the suit was based on a contract which had substantial connection with that [forum] State. . . . The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died." *Id.* at 223, 78 S. Ct. at 201 (citations omitted). The contract in the present suit has no direct connection with Maryland other than the fact that it was executed there.

In conclusion, therefore, the court finds that the defendant on the facts as presented herein has not "transacted business" within the meaning of the Maryland "Long Arm" Statute, § 96(a)(1), as interpreted by the Maryland Court of Appeals. Consequently, this court lacks *in personam* jurisdiction over the defendant, and the motion to dismiss the action will be granted without prejudice. Rule 12(b), Fed.R.Civ.P.

■ However, before dismissing the suit, the court will give the plaintiff the opportunity to file a motion to transfer the case to a district where service of process could be obtained and venue would be proper. Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955); Endicott v. Merdie Boggs & Son, Inc., 489 F.2d 754 (4th Cir., 1974); Teets v. Hawker, 278 F.Supp. 834 (N.D.W.Va. 1968); Kaiser v. Mayo Clinic, 260 F. Supp. 900 (D.Minn.1966). Accordingly, the court will allow plaintiff twenty (20) days from the date entered below

to file an appropriate motion and memorandum in support thereof.

If the plaintiff declines to file such motion in the alloted time, the court will enter an order dismissing the case without prejudice.