**Charles Franklin SIBERT**

v.

**George FLINT and Flint Transportation, Inc.**

**Civ. A. No. M–82–3752.**

United States District Court,
D. Maryland.

June 8, 1983.

James W. Respess, Frederick, Md., for plaintiff.

Thomas L. Crowe, Patricia E. McDonald, and Cable, McDaniel, Bowie & Bond, Baltimore, Md., for defendants.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

This case is presently before the court on the defendants' motion to dismiss for lack of personal jurisdiction, Rule 12(b)(2), Fed. R.Civ.P.[1] The plaintiff has opposed the motion[2] and the court has concluded that decision without oral hearing is appropriate. Local Rule 6(E).

### I. Factual Overview

The plaintiff, Charles Sibert, brought this diversity action against the defendants, George Flint and Flint Transportation, Inc., in December, 1982. Service of summons and complaint was made upon the defendants by registered mail pursuant to Rule 107, Maryland Rules of Procedure. See Local Rule 25. In Count I of the complaint,[3] the plaintiff alleges that he was terminated in breach of his employment contract for stating to his employers that he was required to work more hours than permitted by federal regulations. Count II sounds in tort for wrongful discharge. The plaintiff seeks damages and declaratory and injunctive relief. Subject matter jurisdiction is alleged under 28 U.S.C. § 1332(a).

■ Sibert is a resident of Maryland.[4] Flint Transportation, Inc. (Flint) is incorporated under the laws of Florida,[5] and its President and the other defendant herein, George Flint, is a resident of Florida. Flint has no offices in Maryland.[6]

Sibert was employed as a driver for Flint[7] from January 22, 1982 until September 10, 1982,[8] at which time he was allegedly wrongfully discharged. The plaintiff's employment contract was with Flint,[9] but Flint provided only the tractor, not the trailer, used by Sibert to make his deliveries. The trailers were supplied by Electronics Transport, Inc. (Electronics) which also holds the required Interstate Commerce Commission license to transport. Electronics has the actual shipping contracts and paid directly the plaintiff's salary. Flint billed Electronics approximately $25,000 per month for lease of its tractors and deducted the cost of the drivers' salaries. Electronics, through its employee, Helen Riggs, told the drivers where to make deliveries. Until January 1, 1983, three of Flint's twelve tractors were used to make deliveries for the Xerox Corporation in the mid-Atlantic region, including Maryland.[10]

---

1. Paper No. 4. The defendants also moved to dismiss for failure to state a claim, Rule 12(b)(6), and for failure to join an indispensable party, Rule 12(b)(7). In the alternative, the defendants requested that the action be transferred to the United States District Court for the Northern District of Georgia.

2. Paper No. 6.

3. Paper No. 1.

4. Sibert was a resident of Maryland at the time of filing of this action, see Complaint at ¶ 1. The plaintiff's employment application with the defendants, completed on January 30, 1982, reflects that he was a lifelong resident of Virginia.

5. The plaintiff has failed to allege the principal place of business of the corporate defendant. A corporation is deemed a citizen for purposes of diversity of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Although the plaintiff's jurisdictional allegations are deficient and his complaint subject to dismissal on this ground, the court declines to dismiss the action on this basis alone, for the reason that it is evident from the defendant's submission that its principal place of business is not Maryland. The plaintiff's omission, therefore, could be cured by amendment.

6. Affidavit of George Flint, attached to Paper No. 4, at ¶ 3.

7. The complaint states the plaintiff was a driver for the "Defendant, George Flint, Inc.," but because no such entity has been named as a defendant, the court assumes the plaintiff intended to state Flint Transportation, Inc.

8. Affidavit of George Flint, attached to Paper No. 4, at ¶¶ 2 & 4.

9. See Exhibit B to Paper No. 4.

10. Affidavit of George Flint, ¶ 2.

## II. Personal Jurisdiction

### A. Maryland Long Arm Statute

The Maryland long arm statute defines the circumstances under which Maryland courts may exercise personal jurisdiction over non-resident defendants. It provides as follows:

"(a) *Condition*—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

(b) *In general*—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing."

*Md. Cts. & Jud. Proc. Code Ann.* § 6–103 (1980 Repl.Vol.).

The plaintiff apparently contends that jurisdiction exists pursuant to subsections (b)(1) and (b)(4) only.[11]

In *Craig v. General Finance Corp. of Illinois,* 504 F.Supp. 1033 (D.Md.1980), this court outlined the analysis to be employed when jurisdiction is asserted under any section of the long arm statute:

"For the statute to apply it is sufficient if any of the provisions of subsection (b) are satisfied. *United Merchants & Mfrs., Inc. v. David & Dash, Inc.,* 439 F.Supp. 1078, 1082 (D.Md.1977); *Lawson v. Baltimore Paint & Chemical Corp.,* 298 F.Supp. 373, 377 (D.Md.1969). Application of the long arm statute is essentially a two-step process. The court must first determine whether a particular subsection purports to authorize service of process on the non-resident. Second, the court must determine whether that service and the attendant exercise of personal jurisdiction comports with due process. *See Haynes v. James H. Carr, Inc.,* 427 F.2d 700, 703 (4th Cir.), *cert. denied,* 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970); *Geelhoed v. Jensen,* 277 Md. 220, 224, 352 A.2d 818 (1976).

"This court is bound by the decisions of the Court of Appeals of Maryland as to whether a particular subsection will reach certain conduct. *McLaughlin v. Copeland,* 435 F.Supp. 513, 522 (D.Md.1977); *Bennett v. Computers Intercontinental, Inc.,* 372 F.Supp. 1082, 1084 (D.Md.1974). *See Shealy v. Challenger Mfg. Co.,* 304 F.2d 102, 104 (4th Cir.1962). Federal law is controlling, however, as to whether the exercise of personal jurisdiction violates due process. *United Merchants & Mfrs., Inc. v. David & Dash, Inc.,* 439 F.Supp. at 1081."

504 F.Supp. at 1036.

The complaint lacks allegations sufficient to sustain the exercise of personal jurisdiction under any subsection of Maryland's long arm statute. This is another reason[12] the court finds to dismiss the complaint. Because, however, the parties have attempted to place subsections (b)(1) and (b)(4) at issue, the court will discuss briefly why the exercise of personal jurisdiction pursuant to these subsections is inappropriate.

---

**11.** Paper No. 6.

**12.** The first reason is based on lack of subject matter jurisdiction. *See* note 5 *supra.*

Consideration of personal jurisdiction under subsection (b)(1) necessarily invokes the limitation in subsection (a) that the cause of action arise from an act enumerated in (b)(1). Although subsection (a) does not provide any substantive limitation which exceeds that imposed by the Due Process Clause,[13] see *Malinow v. Eberly,* 322 F.Supp. 594, 598–600 (D.Md.1971), it does require that "some purposeful acts [have been] performed by the defendant in Maryland in relation to one or more of the elements of the cause of action," *id.* at 599. *Accord Snyder v. Hampton Industries, Inc.,* 521 F.Supp. 130, 145–46 (D.Md.1981); *McLaughlin v. Copeland,* 435 F.Supp. 513, 522–23 (D.Md.1977).

The only act performed by the defendant Flint involving Maryland in any way is its act of leasing its tractors to a third-party which had contracts for delivery within the State of Maryland. It is not alleged that the plaintiff was hired or fired in Maryland or even that he ever drove one of the defendant's tractors in the state.

Flint's act of leasing equipment which eventually was used to make deliveries in Maryland is too attenuated from the acts which gave rise to this cause of action to support service of process under subsection (b)(1).

In cases where personal jurisdiction is alleged under subsection (b)(4), the requirement of subsection (a) has been eliminated. It is not necessary that the doing or soliciting of business, the engagement in another persistent course of conduct, or the derivation of substantial revenue have any relationship to the alleged acts giving rise to the suit. *See Topik v. Catalyst Research Corp.,* 339 F.Supp. 1102, 1106 (D.Md.1972); *Greenwood v. Tides Inn, Inc.,* 504 F.Supp.

992, 996 (D.Md.1980); *Geelhoed v. Jensen,* 277 Md. 220, 352 A.2d 818 (1976). When a tortious injury is alleged to have occurred outside the state, as it has been alleged here, it is only necessary that the defendant (1) "regularly does or solicits business," or (2) "engages in other persistent course of conduct," or (3) "derives substantial revenue from goods or services ... used or consumed" in Maryland.

In the present case, there is no support for the conclusion that the defendant corporation itself has ever done or solicited any business in Maryland. Its connection with Maryland is based solely on its lease of tractors to Electronics. It is Electronics which arranged for the entry of these tractors into Maryland.

Similarly, this leasing of tractors does not constitute a persistent course of conduct. Judge Levine noted that an examination of "persistent course of conduct" required an exploration of the defendant's "general contacts with the forum" and of the defendant's "purposeful participation in a transaction having substantial connection with the forum." *Geelhoed v. Jensen, supra* at 223, 352 A.2d 818. *See Greenwood v. Tides Inn, Inc., supra* at 995. The defendant's transaction in leasing its tractors had no substantial connection with Maryland. It cannot be said that Flint participated in any Maryland transaction "purposefully" since it appears from the only evidence before the court that Electronics controlled the destination of Flint's tractors.

It also cannot be said that Flint derived any substantial revenue from goods or services used or consumed in the state. The use of its service or consumption of its

---

**13.** Due Process requires an inquiry into the connection between the suit and the forum. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). When the cause of action is unrelated to the non-resident's slight activity within the forum, then the constitutionality of jurisdiction is very unlikely, but the nature and quality of the slight contacts and the relative fairness to the parties could still produce a rare case in which jurisdiction

would be permissible. *See Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Such a rare case would bear out Judge Eldridge's comment in *Krashes v. White,* 275 Md. 549, 559, 341 A.2d 798 (1975), that "perhaps fact situations will arise which will be deemed outside the scope of the Maryland 'long arm' statute, although there may be a constitutional basis for jurisdiction over the nonresident defendant." *See Snyder v. Hampton Industries, Inc.,* 521 F.Supp. 130, 136 (D.Md.1981).

goods, whichever way one wishes to conceptualize the lease of a tractor, occurred outside of Maryland. Furthermore, there is no indication that Flint made any effort, independent of Electronics, to serve the Maryland market. *See McKown v. Criser's Sales & Serv.,* 48 Md.App. 739, 430 A.2d 91 (1981). For the foregoing reasons, the court concludes that subsection (b)(4) does not permit the exercise of service of process over the defendant Flint.

George Flint has stated that his only contacts with Maryland have been visits for personal reasons.[14] While this could arguably subject him to jurisdiction under subsection (b)(4) as a "persistent course of conduct" if the visits were very frequent, the plaintiff has contended merely that George Flint is amenable to suit as a function of his official position with the corporate defendant.

The acts of a corporate representative, transacting corporate business, are not a basis for the exercise of personal jurisdiction over the corporate representative in his individual capacity. *See Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir.1980); *Cawley v. Bloch,* 544 F.Supp. 133, 135 (D.Md.1982); *Quinn v. Bowmar Publ. Co.,* 445 F.Supp. 780, 786 (D.Md.1978).

### B. *Due Process*

If service of process is permissible under Maryland's long arm statute, the contacts of the corporate defendant with Maryland are so slight and of such tangential quality to fall short of the requirements of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. In conducting this inquiry, the court must focus upon "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977), to determine if the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice," *International Shoe, supra* 326 U.S. at 316, 66 S.Ct. at 158, because the defendant's

"conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court," *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), in Maryland.

The court has already discussed the attenuated connections between the defendant and the forum. It need only be added that the connection between the litigation and the forum is also slight. As has been pointed out, none of the acts giving rise to the cause of action occurred in Maryland and the plaintiff's employment contract did not call for performance within Maryland. The only interest Maryland has in this litigation is that the plaintiff, at some point after entering into employment with the defendant,[15] moved to Maryland. The only apparent reasons for maintaining this action in Maryland are for the convenience of the plaintiff and to satisfy Maryland's interest in protecting the interests of its resident, the plaintiff. These reasons are insufficient to permit the exercise of personal jurisdiction in light of the corporate defendant's minimal contacts with Maryland.

The exercise of jurisdiction over George Flint would also not comply with Due Process for the reason that the defendant's personal visits to Maryland do not form sufficient contacts for him "reasonably [to] anticipate being haled into court" here on matters related only to his corporate affairs. *See* discussion *supra.*

For all the foregoing reasons, the court will enter an Order granting the motion of the defendants to dismiss.

---

**14.** Affidavit of George Flint, attached to Paper No. 4, at ¶ 3.

**15.** *See* note 4 *supra.*