**YANKEE GROUP, INC. and Yankee Group Research, Inc., Plaintiffs,**

v.

**Dick YAMASHITA, a/k/a Hideo Detsuku Yamashita, Defendant.**

**Civ. A. No. 86–3676–C.**

United States District Court, D. Massachusetts.

Jan. 20, 1988.

Margaret H. Marshall, Jaclyn L. McKenney, Csaplar & Bok, Boston, Mass., for plaintiffs.

William Shields, Betsy G. Roberti, Day Berry & Howard, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiffs, Yankee Group, Inc. and Yankee Group Research, Inc. (collectively referred to as "Yankee") are Massachusetts corporations with principal places of business in Boston. The defendant, Dick Yamashita, is the President, as well as a director and stockholder of Marcom International, Inc. ("Marcom"), a Japanese corporation which acted as marketing agent for Yankee in Japan for a number of years.[1] Yamashita is a resident of Japan. Yankee has brought this action against Yamashita in his personal capacity, alleging claims for misappropriation, negligence and breach of fiduciary duty. The matter is now before the Court on Yamashita's motion to dismiss for lack of personal jurisdiction.

Because this action is based on diversity of the parties, before jurisdiction may be asserted over Yamashita, the plaintiffs must prove that the Massachusetts long-arm statute authorizes this Court to exercise jurisdiction, and that the defendant has had sufficient contacts with Massachusetts so that an exercise of jurisdiction over the defendant would be consistent with federal due process requirements; *Hahn v. Vermont Law School*, 698 F.2d 48, 50 (1st Cir.1983). Yankee maintains that jurisdiction over Yamashita is authorized by M.G. L. c. 223A, § 3(a) which states:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(A) transacting any business in this commonwealth ...

The statutory language "transacting any business" is to be construed broadly. It includes any purposeful acts of a defendant, whether personal, private, or commercial. *Ross v. Ross*, 371 Mass. 439, 441, 358 N.E.2d 437 (1976). Yamashita does not seriously dispute that his activities would constitute the transaction of business had he acted in his individual capacity rather than on behalf of Marcom. Yamashita traveled to Massachusetts two or three times a year for several years to further Marcom's business interests. These trips included meeting with Yankee representatives. Yamashita also made phone calls to Yankee in Massachusetts. Much less activity has been found to constitute the transaction of business under the Massachusetts long-arm statute. *See, e.g., Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 196 (1st Cir.1980) (sending two letters threatening a patent infringement suit); *Carlson Corp. v. University of Vermont*, 380 Mass. 102, 105, 402 N.E. 483 (1980) (a single visit to sign a contract).

The sole issue in this case therefore is whether Yamashita's activities within Massachusetts may not be considered in determining if personal jurisdiction exists for the reason that Yamashita acted solely on behalf of Marcom rather than in his personal capacity. Yamashita argues that the activities of a defendant within the forum state may not be used as a basis for personal jurisdiction if they were taken solely on behalf of a corporation. According to Yamashita's theory, because his activities in Massachusetts were undertaken solely for the benefit of Marcom, this Court may not assert jurisdiction over Yamashita without first finding that Marcom as a corporate entity should be disregarded because Yamashita is the "alter ego" of Marcom.

The defendant's argument is commonly known as the "fiduciary shield" doctrine. This doctrine serves as a limitation on the reach of a long-arm statute and prevents a court from asserting personal jurisdiction over a defendant based solely on his activities as a corporate representative. *See Johnson Creative Arts, Inc. v. Wool Masters Inc.*, 573 F.Supp. 1106, 1111 (D.Mass. 1983); *aff'd on other grounds*, 743 F.2d 947 (1st Cir.1984). The doctrine is based on

---

1. In an action consolidated with the present case, Marcom has brought an action against Yankee seeking recovery of certain commissions allegedly due.

**22**

the notion that it is somehow unfair to a corporate officer to base jurisdiction solely on contacts he had with the forum state on behalf of another. *Id.* An exception to the fiduciary shield doctrine exists where the individual officer is merely the alter ego for the corporation. In that case, notwithstanding his status as a corporate officer, all contacts with the forum state may serve as a predicate for personal jurisdiction because of the substantial identity of interest that exists between the corporation and the individual defendant.[2] *See generally Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir.1985); *Holfield v. Power Chemical Co.*, 382 F.Supp. 388, 391 (D.Md.1974); *Alosio v. Iranian Shipping Lines, S.A.*, 307 F.Supp. 1117, 1118 (S.D.N.Y.1970).

■ Yamashita argues strenuously that no personal jurisdiction exists over him because he was not merely the alter ego of Marcom. The Court need not consider this issue, however, because the "alter ego" exception to the fiduciary shield doctrine has no application in the present case. Massachusetts courts have never recognized the fiduciary shield doctrine as a limitation on the reach of the long-arm statute. *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F.Supp. at 1111. Moreover, it is unlikely that Massachusetts would adopt such a limitation in view of the fact that its long-arm statute is intended to reach the limits of the United States Constitution. *Ross v. Ross*, 371 Mass. at 441, 358 N.E.2d 437. If the statute is intended to reach as far as constitutionally permissible, it would be inconsistent to hold that the commonwealth would recognize a limitation not required by the Constitution. *Johnson Creative Arts, Inc. v. Wool Master, Inc.*, 573 F.Supp. at 1111. *See also Copiers Typewriters Calculators v. Toshiba Corp.*, 576 F.Supp. 312, 329 (D.Md.1983); *Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052, 1057 (4th Cir.1983).

In the absence of any authority indicating that Massachusetts recognizes the fiduciary shield doctrine, the Court rules that jurisdiction under the Massachusetts long-arm statute may be predicated on activities undertaken in a corporate capacity without regard to whether the individual defendant is an "alter ego" for the corporation. *Accord Educational Testing Service v. Katzman*, 631 F.Supp. 550, 559 (D.N.J.1986).

■ The Court notes that basing jurisdiction on the activities of a defendant as a representative of a corporation does not subject a corporate officer to the jurisdiction of a foreign court whenever there is jurisdiction over the corporation. Where a corporate officer has no contacts with the forum state, jurisdiction may not be asserted merely because of the position which the defendant holds with the corporation. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir.1980). To the contrary, to establish jurisdiction over a nonresident corporate officer, there must be an independent basis for requiring the officer to defend in a foreign court. *Id.* This requirement is satisfied when the officer himself transacts business within the foreign state, whether or not the business is personal or solely on behalf of the corporation.

The analysis of whether the Court may exercise personal jurisdiction over Yamashita is not completed by a holding that the defendant's corporate activities bring him within the grasp of the Massachusetts long-arm statute. Before personal jurisdiction may be exercised, the Court must also find that such an exercise would be consistent with the due process requirements mandated by the United States Constitution. The due process clause requires a finding that Yamashita have "minimum contacts" with the Commonwealth so that

---

**2.** The "alter ego" exception to the fiduciary shield doctrine must be distinguished from the situation where a corporate entity is disregarded in order to impose liability on individual shareholders for the torts of the corporation. The "alter ego" theory relates only to the question of whether personal jurisdiction exists over a defendant whose only activities in the forum

state were taken on behalf of a corporation. Unlike the latter circumstance, the "alter ego" theory does not address whether the defendant can be held personally liable for the consequences of his activities. *See Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F.Supp. at 1111, n. 7.

"the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). The minimum contacts necessary to satisfy the due process clause require a showing that the defendant purposefully availed himself of the privilege of conducting activities within the Commonwealth. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The activities in the forum state must be of a nature which would allow a non-resident defendant to "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

The Court rules that the defendant's contacts with Massachusetts are sufficient to meet the "minimum contacts" standard. As noted above, the defendant visited Massachusetts two or three times a year for several years to conduct business with Yankee. He also conducted business by phoning Yankee officials, sending letters and transmitting telexes. These activities were all purposefully directed towards Massachusetts and through them, Yamashita established an on-going business relationship with Yankee, although in a corporate capacity. Especially where the claims asserted against him are based on actions allegedly taken by the defendant in his corporate capacity, it is not surprising that similar activities directed toward the commonwealth may form the basis for jurisdiction over the defendant.

Nor does requiring Yamashita to defend the action in this Court offend fair play and substantial justice. The burden on the defendant of litigating in this forum is not great in light of the fact that he must come to the forum in connection with the action by Marcom against Yankee, an action voluntarily filed by Marcom in this Court. In addition, Massachusetts has an interest in protecting its residents from tortious conduct on the part of non-resident corporate officers. Finally, it would be inconvenient for Yankee to be forced to litigate its claims against Marcom's officer in Japan yet defend against Marcom's claims here. In short, defendant has failed "to present a compelling case that the presence of other considerations ... render jurisdiction unreasonable" despite the defendant's extensive contacts with Massachusetts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). For this reason, the Court rules jurisdiction is proper and defendant's motion is properly denied.

Order accordingly.