**TRANS NATIONAL TRAVEL, INC. d/b/a TNT Vacations, Plaintiff,**

v.

**SUN PACIFIC INTERNATIONAL, INC. and Robert Fleming, Defendants.**

**No. CIV. A. 97–12511–EFH.**

United States District Court, D. Massachusetts.

July 6, 1998.

---

David E. Lurie, Lurie & Krupp, LLP, Boston, MA, for Plaintiff.

Joseph B. Lichtblau, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This is a diversity action filed by Massachusetts Plaintiff Trans National Travel, Inc. d/b/a/ TNT Vacations ("TNT") against Arizona Defendants Sun Pacific International, Inc. ("Sun Pacific") and Robert Fleming ("Fleming"). Plaintiff is a vacation charter company. Defendant Sun Pacific is an air carrier. Defendant Fleming is the President of Sun Pacific. Plaintiff alleges that defendants breached an aircraft charter agreement by failing to provide agreed upon air service for flights between Boston, Pittsburgh and the Carribean in the Fall of 1997. Defendants claim that they were excused from performing under the *force majeure* clause in the contract since a change in Federal Aviation Administration regulations legally precluded them from providing the services.

The case is before the Court to consider Defendant Sun Pacific's Motion to Dismiss or Transfer Venue brought pursuant to 28 U.S.C. §§ 1404 and 1406 and Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(6), along with Defendant Fleming's Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(2).

### Sun Pacific's Section 1404 Motion to Transfer

Defendant Sun Pacific has requested that the Court transfer this case to the District of Arizona. Transfer analysis must begin with the language of the federal transfer statute, 28 U.S.C. § 1404, which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404.

Under this scheme, the Court must first determine whether the case could have been brought in the district where the defendant seeks to transfer the matter, in this case Arizona. To make such a determination, the Court must apply the venue statute, 28 U.S.C. § 1391. Under Section 1391(a)(1), venue is proper in a diversity case in the "judicial district where any defendant resides, if all defendants reside in the same state." In this case both defendants reside in Arizona. Venue would be proper in Arizona.

In making its transfer determination, under Section 1404, the Court must next consider three factors: (a) the convenience of the parties; (b) the convenience of the witnesses; and (c) the interest of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). When weighing these factors, the moving party bears the burden of establishing the need for a transfer of venue. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). Because, in any evaluation of a motion to transfer under Section 1404, the plaintiff's choice of forum is entitled to great weight and "shall not be lightly disturbed." *Jumara*, 55 F.3d at 879.

■ After reviewing the memoranda of the parties and the accompanying affidavits, the Court finds that the balance of convenience to the parties is flat. Trying the case in Massachusetts would be inconvenient for the defendant. Trying the case in Arizona would be inconvenient for the plaintiff. The defendant has failed to establish that it would be any more inconvenient for the defendant to try the case in Massachusetts than it would be for the plaintiff to try the case in Arizona. Since a transfer to Arizona would merely shift the burden of litigating in a foreign forum from the defendant to the plaintiff, the Court will not transfer the case on account of convenience of the parties. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).

■ The defendant has also failed to present any compelling evidence that litigating in Arizona would be more convenient for witnesses than litigating in Massachusetts. The important question concerning witness convenience is whether either forum is so inconvenient as to inhibit access to necessary witnesses. *In re Warrick*, 70 F.3d 736, 741 (2d Cir.1995). The question of accessibility requires an inquiry into whether witnesses will willingly appear, whether they can be compelled to appear, and whether their testimony is available by some other means. *Terra International, Inc. v. Mississippi Chemical*

*Corp.,* 922 F.Supp. 1334, 1360 (N.D.Iowa 1996).

In the case of party witnesses, the Court acknowledges that it will be inconvenient for the Arizona defendant to produce its employee witnesses in the distant forum of Massachusetts. However, the Court notes that the same logistical problems would be faced by the Massachusetts plaintiff if the case were transferred to Arizona. In the case of non-party witnesses, the defendant has failed to produce strong evidence that Arizona will be more convenient than Massachusetts. Some non-party witnesses are available in Massachusetts and unavailable in Arizona. Others are available in Arizona and unavailable in Massachusetts. In either case, any non-party witness who is not subject to compulsory process in one of the states may be compelled to appear for pretrial discovery in a proper location. Later his or her deposition testimony may be read into the trial record or presented via videotape. *Terra International,* 922 F.Supp. at 1361. The Court finds that the defendant has failed to establish that this case should be transferred to Arizona for the convenience of the witnesses.

The final Section 1404 factor to be considered by the Court is whether a transfer of venue is in the interest of justice. First, the defendant argues that the interest of justice favors allowing an Arizona Court to hear the case because Arizona law is applicable to the breach of contract claim. This argument is not convincing in the instant circumstances. The legal issues involved in the breach of contract claim are straightforward and this Court has experience in applying the law of other states. Thus, the Court is not persuaded that the fact that Arizona contract law is controlling should be determinative.

Defendant also argues that the forum selection clause in the contract requires that the case be transferred to Arizona. The Court does not agree. Although the forum selection clause allows the defendant to sue the plaintiff in Arizona, it does not require that all disputes arising under the contract be resolved in Arizona. Specifically, the forum selection clause states:

3.1 Charterer and Carrier agree that the laws of the State of Arizona shall govern the interpretation of this Agreement. Further the parties hereto consent to jurisdiction and venue in Pima County, State of Arizona.

■ Although the Court of Appeals for the First Circuit has yet to address the impact forum selection clauses have in the context of Section 1404 transfer determinations, the plain meaning of the forum selection clause in this case is that these parties have consented to jurisdiction and venue in Pima County, Arizona. However, the clause says nothing about Arizona being the exclusive jurisdiction for all disputes arising under the contract. "An agreement conferring jurisdiction in one forum should not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc.,* 22 F.3d 51, 53 (2d Cir.1994). "To be mandatory, a forum selection clause must contain language that clearly designates a forum as the exclusive one." *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1037 (9th Cir.1995). This Court finds that the forum selection clause in the contract is permissive and not dispositive.

Since the plaintiff's choice of forum is entitled to great weight and "shall not be lightly disturbed," *Jumara,* 55 F.3d at 879, and since the defendant has not produced evidence sufficient to outweigh the plaintiff's preference, the Court credits the plaintiff's decision to file suit in Massachusetts as determinative and denies the defendant's Section 1404 Motion to Transfer.

### Sun Pacific's Section 1406 Motion to Transfer or Dismiss

28 U.S.C. § 1406 is a remedial statute. It instructs a district court which has already determined that a case has been filed in an improper venue that it may remedy the situation by either dismissing the case, or transferring the case to a district where the case might have been brought.

■ As noted above, the venue statute, 28 U.S.C. § 1391(a), delineates which venue or venues are appropriate in diversity cases. Under Section 1391(a)(2), venue is proper in

a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The District of Massachusetts meets this standard in the instant circumstances. The plaintiff has alleged that the defendant breached its contractual obligations by failing to provide air charter services in Massachusetts. Hence, a substantial part of the omissions giving rise to the claim occurred in Massachusetts. Venue is proper in the District of Massachusetts and Section 1406 is inapplicable.

### Sun Pacific's Rule 12 Motions to Dismiss

■ Defendant's various Motions to Dismiss under Fed.R.Civ.P. 12 are without merit. Defendant's attempt to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction fails because Massachusetts has *in personam* jurisdiction over the Defendant Sun Pacific. Sun Pacific negotiated a contract with the plaintiff, a Massachusetts corporation. Sun Pacific accepted payment from the plaintiff. Under the contract, Sun Pacific promised to provide services in Massachusetts and, for a time, did provide services in Massachusetts. These actions constitute sufficient minimum contacts with Massachusetts to satisfy the requirements of both the Massachusetts long arm statute, Mass.Gen.L. ch. 223A, § 3, and the United States Constitution. *See Tatro v. Manor Care, Inc.,* 416 Mass. 763, 625 N.E.2d 549 (1994). Defendant's Motion to Dismiss pursuant to Rule 12(b)(2) is denied.

Defendant's Motion to Dismiss for improper venue filed pursuant to Fed.R.Civ.P. 12(b)(3) is also denied. As explained above, under 28 U.S.C. § 1391, venue is proper in Massachusetts in this case.

■ Defendant's Rule 12(b)(6) Motion to Dismiss for failure to state a claim also fails. In determining whether to grant a Rule 12(b)(6) motion, the Court must consider the sufficiency of the allegations included in the complaint. *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). In the instant case, plaintiff has satisfied this burden by articulating a claim for which relief can be granted. Plaintiff's complaint clearly and concisely states a breach of contract claim and requests appropriate relief.

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is denied.

### Robert Fleming's Rule 12(b)(2) Motion to Dismiss

Defendant Robert Fleming argues that the case against him should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) because this Court lacks personal jurisdiction over him. Fleming's contacts with Massachusetts include a number of telephone calls, letters, and facsimiles made and sent on behalf of Sun Pacific, the corporate defendant in this case. Fleming implicitly concedes that these contacts might be sufficient to invoke personal jurisdiction.

■ However, Fleming argues that because each of these contacts was made in his capacity as a corporate representative, the Court should not consider them in its personal jurisdiction analysis. Fleming argues that since all of the contacts were made for the benefit of the corporate defendant, the "fiduciary shield" doctrine should protect him. The "fiduciary shield" doctrine limits the reach of a state's long arm statute and prevents a court from asserting personal jurisdiction over a foreign defendant whose only in-state activities were made as a corporate representative. *See Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 573 F.Supp. 1106, 1111 (D.Mass.1983).

■ Fleming's reliance on the "fiduciary shield" doctrine is misplaced. Although other states have recognized the "fiduciary shield" doctrine, *see Ten Mile Indus. Park v. Western Plains Serv.,* 810 F.2d 1518, 1527 (10th Cir.1987), Massachusetts courts have never recognized the "fiduciary shield" doctrine. *Yankee Group, et al. v. Yamashita,* 678 F.Supp. 20, 22 (D.Mass.1988); *Johnson,* 573 F.Supp. at 1111. Moreover, it is unlikely that Massachusetts would adopt the doctrine since the state long arm statute is intended to reach the limits of the United States Constitution. *Ross v. Ross,* 371 Mass. 439, 441, 358 N.E.2d 437 (1976). Since there is no Massachusetts precedent recognizing the "fiduciary shield" doctrine, the Court rules that it is inapplicable in the instant circumstances. *See Yankee,* 678 F.Supp. at 22.

84

This Court may invoke personal jurisdiction over Defendant Fleming. Fleming's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is denied.

**SO ORDERED.**